**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JULIUS D. WALKER, JR.**                                                **CIVIL ACTION**

**VERSUS**                                                                          **NO. 07-3578**

**ALDEN B. NETTERVILLE**                                           **SECTION "J" (1)**

## REPORT AND RECOMMENDATION

Plaintiff, Julius D. Walker, Jr., is pretrial detainee presently incarcerated at the Jefferson Parish Correctional Center, Gretna, Louisiana.  Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, naming as the sole defendant Alden B. Netterville, plaintiff's former retained counsel in his state criminal proceedings.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  <u>Cay v. Estelle</u>, 789 F.2d 318, 325 (5th Cir. 1986), <u>modified</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[2]

In his complaint, plaintiff states his claim as follows:

> I hired attorney Alden Bruce Netterville to represent me after my arrest, on January 15, 2007.  Mr. A.B. Netterville failed to render effective assistance on purpose and deliberately sabotaged my case.  "The plaintiff can prove."  This lead to me firing attorney A.B. Netterville, which caused mental, physical and emotional problems shortly after and continuing.

Plaintiff filed this lawsuit on a form to be used by prisoners filing claims pursuant to 42 U.S.C. § 1983.  For plaintiff's claim against Netterville to be cognizable under § 1983, the

---

[1]    The court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[2]    It unnecessary to hold a <u>Spears</u> hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment.  <u>See</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 327 (5th Cir. 1999); <u>see also</u> <u>Juarez v. Short</u>, 84 Fed. App'x 420, 424 (5th Cir. 2003).  Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

challenged actions must have occurred while Netterville was acting under color of state law.[3]  See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."). However, it is clear that "private attorneys ... are not official state actors, and generally are not subject to suit under section 1983." Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); see also Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in § 1983 lawsuit because retained counsel is not a state actor); Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993).[4]

Out of an abundance of caution, the Court further notes that plaintiff's lawsuit is subject to dismissal even if he did not intend to file it as a federal civil rights action.  Netterville is a non-diverse defendant, and no basis for federal jurisdiction is evident from the complaint.

---

[3] Section 1983 of the United States Code, Title 42, provides that:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

[4] The Court recognizes that claims against a private attorney for engaging in a conspiracy with state actors are cognizable in a § 1983 action.  Mills, 837 F.2d at 679.  Plaintiff, however, has not asserted a conspiracy claim.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of July, 2007.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE